IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DERRICK LEE STOKES                                                              PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:09cv39-FKB

MADISON COUNTY, MISSISSIPPI, et al.                                        DEFENDANTS

# MEMORANDUM OPINION AND ORDER

Derrick Lee Stokes is a state inmate serving a fifteen-year sentence for gratification of lust and exploitation of a child. This § 1983 action arises out of his stay as a pretrial detainee at the Madison County Detention Center from March 19, 2007 until May 12, 2008. The individual defendants are officials at the detention center. Plaintiff alleges that Defendants Tommy Strait and Ike Williams violated his constitutional rights by subjecting him to excessive force on March 19, 2007 without any provocation on his part. According to Stokes' sworn statements and testimony at the omnibus hearing, he was assaulted by Officers Williams and Strait shortly after he was arrested and booked into the facility on March 19, 2007. Stokes contends that Williams restrained him while Strait hit him in the eyes with his fists several times; Stokes then fell to the floor, and the officers kicked him in the ribs, back and legs. Stokes claims to have suffered a black eye, soreness and bruises after the incident. Presently before the court is Defendants' motion for summary judgment. Having considered the motion, the submissions of the parties, and the evidence of record, the court concludes that the motion should be denied.

The Fourteenth Amendment prohibits the use of excessive force on a pretrial detainee. In determining whether force is excessive, "the core judicial inquiry is . . .

whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).[1] In this regard, the Fifth Circuit has noted that "[s]everal factors are relevant in the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's contitutional rights. These include:

1. the extent of the injury suffered;
2. the need for application of force;
3. the relationship between the need and the amount of force used;
4. the threat reasonably perceived by the responsible officials; and
5, any efforts made to temper the severity of a forceful response."

*Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). Furthermore, a plaintiff must prove an actual physical injury that is more than *de minimis*. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999.) The injury does not, however, have to be significant, serious, or more than minor. *Id.*

Defendants do not deny that force was used against Plaintiff. However, they argue that they are entitled to summary judgment because the amount of force that was used was reasonable under the circumstances and that Stokes has failed to establish anything more than a *de minimis* injury. In support of their contention as to the reasonableness of

---

[1] *Hudson* involved the use of force on a convicted prisoner. A convicted prisoner's right to be free from excessive force flows from the Eight Amendment's prohibition on cruel and unusual punishment. The appropriate constitutional basis for excessive force actions brought by pretrial detainees, however, is not the Eighth Amendment, but, rather, the due process clause of the Fourteenth Amendment. *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (1993). The analysis of excessive force claims under these two clauses, however, is the same. *Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir.1993).

2

the amount of force, Defendants allege that the force was applied in response to disruptive and threatening behavior on the part of Stokes. However, Defendants have failed to come forward with any admissible evidence on this point. Although they attach incident reports and other documents tending to support their position, these documents are accompanied by no affidavits to authenticate them. Thus, the only admissible evidence of record on this point consists of the testimony and sworn allegations of Stokes to the effect that the use of force was unprovoked. Even if Defendants' evidence were admissible, it would merely create a factual issue to be resolved at trial. Defendant's allegations as to the extent of Stokes' injury are likewise unsupported by any admissible evidence. Stokes' injuries as described by him may not have been serious or even significant, but they are more than *de minimis.* While the facts as proved at trial may establish that Stokes' injuries were *de minimis*, Defendants have not at this stage demonstrated the absence of a factual issue as to whether Plaintiff's constitutional rights were violated.

Finally, the officers argue that even if Plaintiff establishes a constitutional violation, they are entitled to qualified immunity because their actions were objectively reasonable. Plaintiff's allegations are sufficient to overcome a defense of qualified immunity, and Defendants have not countered these allegations with any competent evidence. Summary judgment is not warranted on this issue.

In their filings in support of their motion, Defendants have raised the issue of whether Plaintiff is attempting to assert additional claims against them. Plaintiff's complaint and testimony at the omnibus hearing does not support any other claim against

3

Defendants, and Stokes has not sought to amend to add any additional claims cognizable under § 1983.  Accordingly, the proof at trial will be limited to the alleged assault of March 19, 2007.

Because there remain genuine issues of material fact, Defendants are not entitled to summary judgment.  The motion is hereby denied.

So ordered, this the 24th day of March, 2010.

<u>/s F. Keith Ball</u>

UNITED STATES MAGISTRATE JUDGE