IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DERRICK LEE STOKES                                                                                    PLAINTIFF

VS.                                                                            CIVIL ACTION NO. 3:09cv39-FKB

TOMMY STRAIT, et al.                                                                             DEFENDANTS

MEMORANDUM OPINION

Plaintiff, a state inmate, brought this action pursuant to 28 U.S.C. § 1983 alleging that officers at the Madison County Detention Center (MCDC) used excessive force against him while he was incarcerated there as a pretrial detainee. The parties consented to jurisdiction by the undersigned, and a bench trial was held on May 26, 2010. Having considered the evidence presented at trial, the Court makes the following findings of fact and conclusions of law.

At the trial, Plaintiff, who is hearing impaired, testified and otherwise prosecuted his case with the assistance of an interpreter. His account of the alleged assault was as follows. Stokes was arrested on March 17, 2007. After being taken initially to the Newton County Jail, he was transferred to MCDC on March 19, 2007. Shortly after his arrival at MCDC, Stokes experienced an epileptic seizure, causing him to stumble, fall, and suffer from confusion. MCDC personnel responded to his condition by placing him in a medical holding cell on suicide watch. Thereafter, Officers Thomas Strait and Ike Williams came into his cell. Strait grabbed him by the jaw and punched him in the eye while Williams held Stokes' hands behind his back. Stokes then dropped to the floor, and Strait kicked him in the back. Stokes testified that he was ill for three weeks after the assault. On

cross-examination, Plaintiff admitted that before the officers entered his cell, he was very angry and was cursing, yelling, and demanding to use the phone.

Defendants Strait and Officer Robert Luckett testified as to their version of the relevant events. According to Strait, it was Luckett, not Williams, who was involved in the incident. On the date in question, Luckett and Williams were performing a security check in the detention center ahead of a boy scout tour. When they came to Plaintiff's cell in the medical unit, Plaintiff was beating on the door, cursing and demanding to use the telephone. Strait and Luckett informed Stokes that he would be allowed to use the telephone after the tour and instructed him four times to calm down. When Stokes did not comply, the officers directed central control to open the cell door. Stokes responded by balling up his fists in front of his face and assuming a fighting position. Strait and Luckett then stepped in and took Stokes to the floor. When Stokes would not cooperate, the officers were required to use pressure points in order to handcuff him. They then escorted Stokes to the medical unit. Strait and Luckett denied punching, kicking or hitting Plaintiff.

The relevant portions of Stokes' medical file were admitted into evidence. The nurse on duty at the time of Plaintiff's arrival at MCDC noted that he was brought to the medical unit after he fell in his cell. The notes describe Plaintiff as being dazed and confused and suffering shaking and vomiting. The medical unit's detox protocol was implemented for alcohol and drug withdrawal, and, because Stokes admitted to prior suicide attempts, he was placed on suicide watch. After Stokes' extraction from the cell by Strait and Luckett approximately two hours later, the nurse noted that he was limping

and complaining of pain but she observed no cuts, bruises or lacerations.  Later in the evening, Plaintiff was observed hitting his head on the corner of his bed, shaking, and talking to himself.  At this time he admitting to having used crack cocaine and crystal methamphetamine.  The nurse then initiated the remaining portions of the detox protocol.

Testifying regarding the protocol for cell extractions was Brian Watson, the warden for MCDC.  Watson described the eight hours of training that officers undergo regarding extraction techniques.  He stated that based upon his investigation of the incident and his review of the file, it was his opinion that Strait and Luckett had followed the applicable policies and procedures in executing the extraction.

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from being subjected to excessive force that amounts to punishment.  *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989).  The standard for analysis of excessive force claims under the Fourteenth Amendment is the same as the Eighth Amendment standard applicable to claims by convicted prisoners.  *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).  "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  Applying this standard to the facts proved at trial, the Court finds that Plaintiff has failed to establish a constitutional violation.  The Court finds credible the testimony of Officers Strait and Luckett, who described a level of force that was reasonable in light of Plaintiff's refusal to obey orders and threatening behavior and that was used in a good-faith attempt to maintain order at the detention center.

For this reason, judgment will be entered in favor of Defendants.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 11th day of November, 2010.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE